**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4478**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LIONEL RICHARD WELLS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:10-cr-00948-RBH-1)

_____

Submitted:  June 8, 2012          Decided:  June 22, 2012

_____

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. William N. Nettles, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lionel Richard Wells pled guilty to possession of a firearm by a convicted felon. The district court concluded that Wells' base offense level should be calculated under <u>U.S. Sentencing Guidelines Manual</u> § 2K2.1(a)(4)(A) (2010) based upon his prior conviction for a "crime of violence," namely a South Carolina conviction for Assault and Battery of a High and Aggravated Nature ("ABHAN").[*] The court imposed a thirty-seven month sentence, and Wells appeals, contending that his prior conviction was not categorically a crime of violence. As explained below, we vacate Wells' sentence and remand for further proceedings consistent with this opinion.

A defendant convicted of unlawful possession of a firearm is given a base offense level of 20 if he committed the crime "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(4)(A). A "crime of violence" is defined by the Guidelines as an offense that is punishable by imprisonment for more than one year and (1) "has as an element the use, attempted use, or threatened use of physical force against the person of

---

[*] Wells was actually convicted of both ABHAN and Assault of a High and Aggravated Nature. The district court analyzed the two convictions as one ABHAN conviction. Neither party objected.

another," or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a). Here, the Government concedes that an ABHAN conviction does not satisfy subsection (1) and instead contends only that ABHAN categorically "otherwise involves conduct that presents a serious potential risk of physical injury to another."

To decide whether a prior conviction constitutes a crime of violence, the district court generally must use a categorical approach. United States v. Jenkins, 631 F.3d 680, 684 (4th Cir. 2011). This approach "look[s] only to the elements of the offense . . . . [and] examin[es] [the offense] in terms of how the law defines it and not in terms of how an individual offender might have committed it on a particular occasion." Id. (internal quotation marks and alternation omitted). "For an offense to constitute a crime of violence under this approach, the offense's full range of proscribed conduct, including the least culpable proscribed conduct, must fall within the applicable Guidelines definition of that term." United States v. King, 673 F.3d 274, 278 (4th Cir. 2012) (internal quotation marks omitted).

However, in a "narrow range of cases" where the offense defined by the relevant law includes conduct such that

3

some commissions of the offense constitute crimes of violence and others do not, the court is to "look beyond the generic elements of the offense to the specific conduct underlying that prior offense." Id. This approach is known as the modified categorical approach. Id. In applying the modified categorical approach, the court is limited to considering "the record of conviction, which includes the charging document, the plea agreement, and the transcript of the plea colloquy, and any explicit factual findings made by the trial court." Id.

Employing the categorical approach, the district court concluded that Wells' conviction for ABHAN was a crime of violence under USSG § 4B1.1(a). Without expressing an opinion on whether a conviction for ABHAN so qualifies, we vacate Wells' sentence and remand this case to the district court for further proceedings to allow that court to determine if the modified categorical approach supports the conclusion that Wells' conviction for ABHAN constitutes a crime of violence under USSG § 2K2.1(a)(4)(A). See Anderson v. United States, 417 U.S. 211, 218 (1974) ("We think it inadvisable . . . to reach out . . . to pass on important questions of statutory construction when simpler, and more settled, grounds are available for deciding the case at hand."). We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED